# UNITED STATES DISTRICT COURT

**Southern District of California**

Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101–8900
Phone: (619) 557–5600
Fax: (619) 702–9900

W. Samuel Hamrick, Jr.,
Clerk of Court

June 30, 2008

Clerk, U.S. District Court
Central District of California, Southern Division
411 West Fourth Street Room 1053
Santa Ana, CA 92701–4516

Re: An Quoc Nguyen v. James Tilton, Case No. 3:08–cv–01069–JM–POR

Dear Sir or Madam:

Pursuant to Order transferring the above–entitled action to your District, we are electronically transmitting herewith our entire original file.

    Sincerely yours,

    W. Samuel Hamrick, Jr.,
    Clerk of the Court

    By: s/ M. Zvers, Deputy Clerk

Copy to Attorney for Plaintiffs:
Copy to Attorney for Defendants:

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AN QUOC NGUYEN,<br><br>                         Petitioner,<br>vs.<br>JAMES TILTON, Secretary, et al.,<br>                         Respondents. | Civil No.   08-1069 JM (POR)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION** |

Petitioner is a state prisoner proceeding with a habeas corpus action filed pursuant to 28 U.S.C. § 2254 attacking a conviction from the Superior Court of Orange County, California. Upon reviewing the petition, the Court finds that this case should be transferred in the interest of justice.

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). The application in the present matter attacks a conviction in the Superior Court of Orange County, California, which is within the jurisdictional boundaries of the United States District Court for the Central District, Southern Division. *See* 28 U.S.C. § 84(c)(3). Moreover, Petitioner is presently confined at Kern Valley State Prison, which is located in Kern County and is within the jurisdictional boundaries of the

1  United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). Thus,
2  jurisdiction exists in the Central or Eastern District; and not in the Southern District.

3  Although this Court does not have jurisdiction over the action, "[u]nder a provision of the
4  Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of
5  jurisdiction the court shall transfer the action to any other such court in which the action could
6  have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th
7  Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit
8  has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will
9  be in the interest of justice because normally dismissal of an action that could be brought
10 elsewhere is "time-consuming and justice-defeating." *Miller*, 905 F.2d at 262 (quoting
11 *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631,
12 this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.
13 § 2241(d).

14 When a habeas petitioner is challenging a state conviction, the district court of the district
15 in which a petitioner was convicted and sentenced is a more convenient forum because of the
16 accessibility of evidence, records and witnesses. Thus, it is generally the practice of the district
17 courts in California to transfer habeas actions challenging a state conviction to the district in
18 which the Petitioner was convicted. Any and all records, witnesses and evidence necessary for
19 the resolution of Petitioner's contentions are more readily available in Orange County, which
20 is thus a more convenient forum. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can,
21 of course, transfer habeas cases to the district of conviction which is ordinarily a more
22 convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

23 Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court
24 transfer this matter to the United States District Court for the Central District of California,
25 / / /
26 / / /
27 / / /
28 / / /

1  Southern Division. *See* 28 U.S.C. § 2241(d).  **IT IS FURTHER ORDERED** that the Clerk
2  of this Court serve a copy of this Order upon Petitioner and upon the California Attorney
3  General.
4  DATED:  June 27, 2008

5                                                          _____
                                                            Hon. Jeffrey T. Miller
6                                                          United States District Judge

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28